LONG
v.              APPEAL from the *Union* Common Pleas.
FELKNER.        *Per Curiam.*—Action by the appellees against the appel-
*Friday,*       lant upon a promissory note. Judgment for the plaintiff.
*December* 13.  The case is before us on the evidence, from an examination
                of which we find no cause to disturb the finding and judg-
                ment.

---

LONG *v.* FELKNER.

*Friday,*       APPEAL from the *Kosciusko* Circuit Court.
*December* 13.  *Per Curiam.*—The appellee, who was the plaintiff, sued
*Long* upon a promissory note, executed to one *John W. Egbert,* who assigned it, by indorsement, to the plaintiff.

The note is in this form:

"$717.71.                              "MILFORD, *April* 17, 1858.

"Fourteen months after date, I promise to pay to the order of *J. W. Egbert,* seventeen hundred and seventeen dollars, and seventy-one cents, value received, without any relief from appraisement laws, *in current bank paper.*

                              (Signed)   "JOEL LONG."

Defendant answered by four paragraphs. To the third a demurrer was sustained, but as no exception appears to have been taken, the ruling on the demurrer is not properly before us. The issues were submitted to the Court, who found for the plaintiff, $723, the full amount of the note and interest; and thereupon, the defendant moved for a new trial upon two grounds. 1. The finding of the Court was unsustained

by the evidence. 2. The damages assessed are excessive. There is a bill of exceptions which shows that the note in suit, with its indorsement, was given in evidence; but the record contains no sufficient averment, as required by rule 30 of this Court, that "this was all the evidence given in the cause." Ind. Dig., p. 722. The result is, the causes assigned for a new trial are not examinable in this Court.

The judgment is affirmed, with 3 per cent. damages and costs.